NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-226

ESTATE OF DENNY RAY GUIDROZ

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-5211-B
HONORABLE ADAM GERARD CASWELL, DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of John D. Saunders, John E. Conery, and D. Kent Savoie, Judges.

MOTION TO SUPPLEMENT RECORD DENIED; PETITION FOR
POSSESSION DENIED; PETITION FOR NULLITY DENIED;
AFFIRMED.

**Howard C. Dejean**
**Attorney at Law**
**111 North Court Street**
**Opelousas, LA 70570**
**(337) 942-1149**
**COUNSEL FOR APPELLEES:**
    **Estate of Denny Ray Guidroz**
    **Executor Thom Daly**

**Amy Laverne Guidroz**
**In Proper Person**
**809 E. Grolee**
**Opelousas, LA 70570**
**APPELLANT**

**SAVOIE, Judge.**

Amy Guidroz ("Amy"), Pro-se Appellant herein, appeals the district court's judgment overruling her objections to the validity of her father Denny Guidroz's last will and testament. For the following reasons, we affirm. We further deny Amy's "Motion for or to Correct Record," "Petition For Possession," and "Petition" for nullification filed with this court.

## Procedural and Factual Background

Denny Guidroz ("Mr. Guidroz") passed away on November 6, 2013. On November 7, 2013, a Petition for Probate was filed by Thom Daley, who was named as the independent executor in a "Last Will and Testament" executed by Mr. Guidroz on October 31, 2013 ("the will"). The will indicated that Mr. Guidroz was not currently married and had two children; namely, Amy Guidroz, who was over the age of twenty three and not a forced heir, and a son who had predeceased him in death. All of Mr. Guidroz's property was left to the "Seth Todd Guidroz Trust" for the benefit of Seth Todd Guidroz. The will was type-written and signed on each page by Mr. Guidroz. The will was further notarized by Mr. Chad Pitre and signed by two witnesses. The will, as well as an affidavit of death, were attached to the Petition for Probate. On November 7, 2013, the district court signed an order admitting the will to probate and confirming Mr. Daley as independent executor of Mr. Guidroz's estate.

Over two years later, on or about December 7, 2015, Amy Guidroz filed an objection to Mr. Guidroz's will and was granted pauper status. On March 1, 2016, Amy filed a Pro-se motion seeking a hearing on her objection to the will. The hearing was set for May 2, 2016, and Amy was properly served with notice of the hearing.

The record reflects that Amy failed to appear at the May 2, 2016 hearing. During the hearing, counsel for Mr. Daley stated that Amy's petition contesting the will was filed on December 7, 2015, and therein Amy took "issue with the competence of the testator."[1] Mr. Daley's counsel thereafter submitted into evidence the original will that had previously been admitted to probate, and elicited testimony from Mr. Chad Pitre, an attorney who notarized the will. Mr. Pitre testified that he personally read the will to Mr. Guidroz, that Mr. Guidroz examined the will, and that Mr. Guidroz appeared to be lucid and understand the effect of what he was signing. The trial court signed a judgment on May 6, 2016, overruling Amy's objections and recognizing the validity of the will.

On May 18, 2016, Amy, through counsel, filed a motion for new trial. The motion was heard on November 21, 2016, and ultimately denied pursuant to judgment rendered December 1, 2016. Thereafter, Amy's counsel withdrew as her counsel of record. On February 6, 2017, Amy filed a Pro-se appeal of the May 6, 2016, and December 1, 2016 judgments. On May 8, 2017, Amy filed with this court a "Motion for or to Correct Record", as well as a petition "to annul the Denny Ray Guidroz Estate and [/] or Guidroz Succession judgment." Amy also filed in this court a "Petition for Possession" on August 31, 2017.

## Appellant's "Motion for or to Correct Record"

In her motion to this court, Amy seeks to "set aside the devolutive appeal for 30 days to correct records and supplement missing and misleading records[.]" It is unclear what Amy contends has been omitted from the record. She attaches to her motion several documents that are contained in the record, as well as two

---

[1] A copy of the December 7, 2013 objection to the will does not appear in the trial court record; however, the order granting Amy pauper status does. The transcript of the hearing reflects that it was in fact filed.

2

documents with what appear to be handwritten notations that were not offered or otherwise accepted into evidence by the district court. Therefore, Amy's motion is DENIED.

### Appellant's Petitions Submitted to this Court

On August 31, 2017, Amy submitted to this court a "Petition For Possession," stating that she is the co-owner of money received in connection with a settlement arising out of a wrongful death action filed on behalf of Denny Guidroz. However, no such relief was requested, granted, and/or denied in the district court, and these issues are not properly before us. Therefore, the relief Amy seeks in her petition to this court is DENIED.

Amy also submitted to this court a "petition" seeking to "annul The Denny Ray Guidroz Estate and [/] or Guidroz Succession Judgment." She argues that the district court failed to appoint an attorney to "represent the absentee heir defendant[,] Amy L. Guidroz[,] at the probate proceeding" and that there was "a lack of citation of service." We deny the relief requested "as an action to annul a judgment must be brought in the trial court." La.Code Civ.P. art. 2006. However, we will consider the arguments asserted in the "petition" in connection with our review of Amy's appeal.

### On the Merits

In her various Pro-se briefs and documents submitted to this court, Amy challenges the trial court's May 6, 2016 judgment dismissing her objections to the probated will. She argues that the will should not have been probated on November 7, 2013, because it did not conform with the notarial testament requirements established by the Louisiana Civil Code, there were no records or transcripts regarding the district court's November 7, 2013 order admitting the will

to probate, and she was not served with the notice of the probate proceeding prior to the November 7, 2013 judgment, or was otherwise represented by an appointed attorney.

We first find that the will at issue satisfies the requirements of a notarial testament contemplated by La.Civ.Code arts. 1576-1578.[2] It is type-written, dated, signed by Mr. Guidroz on each page, and contains a declaration signed by two witnesses and a notary stating that Mr. Guidroz:

> has declared or signified that this is his testament, and that he is able to see and read and knows how to sign his name but is unable to do so because of a physical infirmity; and in our presence has affixed, or caused to be affixed, his mark or name at the end of the testament and on each other separate page, and in the presence of the testator and each other, we have [signed] our names this 31st day of October, 2013[.]

We further find that the November 7, 2013 order admitting the will to probate was properly obtained without notice to Amy. "[A]ny person who considers that he has an interest in opening the succession [of the deceased person]

_____

[2] Louisiana Civil Code Article 1578 states:

> When a testator knows how to sign his name and to read, and is physically able to read but unable to sign his name because of a physical infirmity, the procedure for execution of a notarial testament is as follows:
>
> (1) In the presence of the notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament, that he is able to see and read but unable to sign because of a physical infirmity, and shall affix his mark where his signature would otherwise be required; and if he is unable to affix his mark he may direct another person to assist him in affixing a mark, or to sign his name in his place. The other person may be one of the witnesses or the notary.
>
> (2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this is his testament, and that he is able to see and read and knows how to sign his name but is unable to do so because of a physical infirmity; and in our presence he has affixed, or caused to be affixed, his mark or name at the end of the testament and on each other separate page, and in the presence of the testator and each other, we have subscribed our names this _____day of ____, _____."

4

may petition a court of competent jurisdiction for the probate and execution of the testament." La.Code Civ.P. art. 2851.

> The court shall proceed to probate the testament *ex parte* as provided in [La.Code Civ.P. art.] 2882, *unless an objection thereto is made at the hearing*.

> An objection to the ex parte probate of a testament may be presented in an opposition, or made orally at the hearing. The opposition must . . . be filed *prior to the hearing*. The oral objection must specify the grounds of invalidity of the testament asserted, and *must be urged immediately after the objector has had an opportunity to examine the purported testament*.

La.Code. Civ.P. art. 2881 (emphasis added). Moreover, La. Code Civ.P. art. 2881 states that "[a] notarial testament . . . *do[es] not need to be proved*. Upon production of the testament, the court *shall order it filed and executed and this order shall have the effect of probate*." (emphasis added).

No objection had been made at the time the will was submitted for probate; thus no hearing was required. Amy was not required to be served with the petition for probate. She was, however, permitted to seek annulment of the probated will in accordance with La.Code Civ.P. art. 2931. She did so on or about December 7, 2015, by filing objections as to the validity of the will.

Amy also argues that the May 2, 2016 hearing on her objections was improperly "expedited," that she was not required to attend because an answer to her objections had not been filed, and that she was, therefore, denied due process. This argument also lacks merit.

An action seeking the nullification of a probated will is tried as a summary proceeding. La.Code Civ.P. art. 2931. "Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, *and without citation and the observance of all formalities required in ordinary proceedings*."

La.Code Civ.P. art. 2591(emphasis added). Therefore, Mr. Daley was not required to file an answer prior to the trial court's consideration of Amy's objections. In addition, the May 2, 2016 hearing was set pursuant to *Amy's* request to the trial court for a hearing date, and she was properly served with notice of the hearing that she requested. Therefore, the trial court was permitted to proceed on her objections without her presence.

As noted above, Mr. Guidroz's will is a notarial testament and is self-proving. Moreover, while counsel for Mr. Daley indicated that Amy's written objections filed December 7, 2015, alleged that Mr. Guidroz lacked the requisite testamentary capacity, testamentary capacity is presumed, and the opponent to a will has the burden of overcoming that presumption with clear and convincing evidence. *Succession of Polk*, 2006-366 (La.App. 3 Cir. 9/27/06), 940 So.2d 895. Amy, however, failed to appear at the hearing or otherwise submit evidence concerning Mr. Guidroz's testamentary capacity. Mr. Daley's counsel, on the other hand, elicited testimony from Mr. Pitre, the notary of Mr. Guidroz's will, supporting Mr. Guidroz's testamentary capacity. Therefore, the record supports the trial court's judgment dismissing Amy's objections.

## CONCLUSION

For the reasons set forth above, Amy Guidroz's "Motion for or to Correct Record," "Petition For Possession," and "Petition" for nullification are hereby DENIED.

The May 6, 2016 judgment overruling Amy's objections to Mr. Guidroz's testament and recognizing the validity of the testament is hereby AFFIRMED. Costs of this appeal are assessed to Amy Guidroz.

## MOTION TO SUPPLEMENT RECORD DENIED; PETITION FOR POSSESSION DENIED; PETITION FOR NULLITY DENIED; AFFIRMED.

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.